IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ALICE FRIEDMAN,

               Plaintiff,

                                                Civ. Action No.
  v.                                        5:12-CV-82 (LEK/DEP)

NEW YORK STATE UNIVERSITY OF NY
AT BINGHAMTON,

               Defendant.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

ALICE FRIEDMAN, *Pro Se*
7686 Clark Lane
Manlius, New York 13104

FOR DEFENDANTS:

[NO APPEARANCE]

REPORT AND RECOMMENDATION

     Plaintiff Alice Friedman, who is proceeding *pro se*, commenced this action more than five months ago.  Since the filing of her complaint, despite prodding from the court, it does not appear that the plaintiff has effectuated service upon the named defendant, nor has that defendant appeared in the action.  In light of these circumstances and plaintiff's

failure to provide a status report detailing her efforts to effectuate service to the court, as directed, I recommend that plaintiff's complaint be dismissed, without prejudice, for failure to prosecute.

I.   BACKGROUND

Plaintiff, a tenured faculty member employed by the State University of New York at Binghamton ("SUNY Binghamton"), commenced this action on January 17, 2012. Dkt. No. 1. In her complaint, plaintiff lists SUNY Binghamton as the sole named defendant, and asserts employment discrimination claims, *inter alia*, under Title VII of the Civil Rights Act of 1964, as amended ("Title Vii"), 42 U.S.C. § 2000e *et seq*.[1]  Plaintiff's claims appear to stem from her contention that she has suffered discrimination in her employment based upon her gender and has been subjected to retaliation as a result of her complaints of gender discrimination. *Id.*  Upon commencement of this action and payment of the $350.00 filing fee, a summons together with a General Order 25

---

[1]   Title VII of the Civil Rights Act makes it unlawful "for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a); *see also Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 436 (2d Cir. 1999) (citations omitted), *abrogated on other grounds by Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199 (2d Cir. 2006).

packet and Pro Se Handbook were issued by the clerk and provided to the plaintiff on January 17, 2012 for service upon the defendant. *See* Dkt. Nos. 2, 3, and 4.

On May 16, 2012, as a result of routine case management review, the court ascertained that despite the passage of more than five months following issuance of the summons, no proof of its service upon the defendant had yet been filed with the court. As a result, by text order issued on that date, I ordered Ms. Friedman to advise the court in writing, by May 30, 2012, concerning her efforts to accomplish service and show cause why the action should not be dismissed for failure to prosecute. *See* Text Order Dated 5/16/12. That notice specifically warned that in the event of non-compliance with the order I would issue a recommendation to the assigned trial judge, Senior District Judge Lawrence E. Kahn, that the case be dismissed for failure to prosecute. *Id.* Despite that directive plaintiff has failed to supply the court with any indication of what efforts have been made to obtain service upon the named defendant.

II.     DISCUSSION

The summons in this case was issued by the court on January 17, 2012. Under Rule 4(m) of the Federal Rules of Civil Procedure service of

that summons was required to be made within 120 days of the date of issuance, absent a court order extending that period.[2]  "[W]here good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended." *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996).  "If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time."  *Id.* (citing Fed. R. Civ. P. 4(m)); *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) ("[D]istrict courts have discretion to grant extensions even in the absence of good cause."); *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986).  When examining whether to extend the prescribed period for service, a district court is afforded ample discretion to weigh the "overlapping equitable considerations" involved in

---

[2]   That rule provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). This court's local rules shorten the time for service from the 120 day period under Rule 4(m) to sixty days.  *See* N.D.N.Y.L.R. 4.1(b).

determining whether good cause exists and whether an extension may be granted in the absence of good cause. *See Zapata*, 502 F.3d at 197.

Despite having been pending for five months, this case remains stagnant. In deed, in the face of the court's directive that she notify the court concerning her efforts to effectuate service upon the defendant, the plaintiff has failed to do so and has not requested that the court extend the deadline set by rule for service. The implication from this manifest disinterest in the case is that she no longer intends to prosecute the claims set forth in her complaint.

Among the potential consequences associated with a plaintiff's disinterest in pursuing his or her claims is dismissal for failure to prosecute. *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993). Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. County Independent Sch. Dist.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). This power to dismiss may be exercised when necessary to achieve the orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1

(N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y., Jan. 14, 1994) (other citations omitted)). The authority of a court to dismiss an action for failure to prosecute is inherent, and may be exercised *sua sponte*. *Lindsey*, 616 F. Supp. at 453 (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89 ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")).

The question of whether a Rule 41(b) dismissal for failure to comply with an order of the court and/or for failure to prosecute is warranted is informed by five factors, including:

> 1) the duration of the plaintiff's failure to comply with the court order; 2) whether plaintiff was on notice that failure to comply would result in dismissal; 3) whether the defendants are likely to be prejudiced by further delay in the proceedings; 4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and 5) whether the judge has adequately considered a sanction less drastic than dismissal.

*See Shannon v. Gen. Elect. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (failure

to prosecute action) (citation and internal quotation marks omitted); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (failure to comply with order of court) (citations omitted).

I have carefully evaluated these five factors and find that they weigh decidedly in favor of dismissal. Despite a notice from the court requiring that she file a status report, plaintiff has persisted in her silence for a period of five months since the issuance of a summons and General Order 25 packet by the court clerk on January 17, 2012. The notice plainly placed the plaintiff on notice that her failure to provide the required status report would likely result in dismissal of the action. These factors, in combination with the inherent prejudice to defendant resulting from any delay in the proceedings, the court's interest in managing its docket, and consideration of less drastic sanctions, convince me that dismissal of plaintiff's complaint in this matter is justified. *See LaGrande v. Albany Police Dep't*, No. 1:07-CV-757, 2008 WL 4021828, at * 1 (N.D.N.Y. Aug. 25, 2008) (Homer, M.J.).

III. <u>SUMMARY AND RECOMMENDATION</u>

The court's records fail to reveal that any steps have been taken by the plaintiff to pursue her claims in this action since commencing this

action five months ago. Indeed, while this court's local rules require that service of a summons be accomplished within sixty days of its issuance, and despite a directive reminding her of that fact and requesting information concerning the status of those efforts, plaintiff has failed to comply and has provided no information to the court concerning the measures taken to arrange for service of process, or from which the court could gauge her level of persistence and enthusiasm for pursuing the claims set forth in this complaint. Accordingly, based upon plaintiff's failure to arrange for service of process and to comply with a directive from the court, and after considering the factors relevant to a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, it is hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED, without prejudice, for failure to prosecute.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge


Dated:   June 22, 2012
         Syracuse, NY